Filed 1/22/25  P. v. Bonilla CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH ARMANDO BONILLA,<br><br>    Defendant and Appellant. | B336027<br><br>(Los Angeles County Super. Ct. No. BA320049) |

        APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded.

        Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joseph Armando Bonilla appeals from the denial of his petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d).[1] Defendant contends the trial court erred in finding him ineligible under the statute. The People agree, as do we. We reverse the order of denial and remand for further proceedings.

## BACKGROUND

In 2007, defendant was convicted of first degree murder (Pen. Code, § 187, subd. (a)), with a true finding by the jury that defendant personally and intentionally discharged a firearm proximately causing the victim's death (§ 12022.53, subd. (d)), that a principal personally and intentionally discharged a firearm proximately causing the victim's death (§ 12022.53, subds. (d) & (e)(1)), and that the murder was gang-related (§ 186.22, subd. (b)(1)). Defendant was sentenced to an aggregate term of 50 years to life in prison. The judgment was affirmed on direct appeal in *People v. Bonilla* (Mar. 19, 2009, B205363) (nonpub. opn.).

In August 2023, defendant filed a petition for recall and resentencing pursuant to section 1170, subdivision (d). Following a hearing on November 8, 2023, the trial court found defendant ineligible for relief under section 1170, subdivision (d)(1), and denied the petition.

Defendant filed a timely notice of appeal from the order of denial.

---

[1] All further unattributed code sections are to the Penal Code unless otherwise stated.

2

**DISCUSSION**

The trial court ruled, as a matter of law, defendant did not qualify for resentencing under section 1170, subdivision (d). Defendant contends the trial court erred, and the People agree.

"When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) Defendant's petition alleged these three required conditions and stated he committed the offense with at least one adult codefendant. Defendant also described his work towards rehabilitation.[2] (§ 1170, subd. (d)(2)(C)–(D).) The petition also alleged none of the disqualifying circumstances of section 1170, subdivision (d)(1)(B) applied to defendant.[3]

Both parties agree the trial court should have followed *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), as defendant argued in his petition and in court. In *Heard*, the appellate court noted section 1170, subdivision (d) expressly applies to a juvenile

---

[2]     At the hearing on the petition defendant's counsel acknowledged that a statement regarding remorse was also required but not filed and requested leave to do so. The request was denied, as the trial court intended to deny the petition on another ground.

[3]     Defendant alleged "[i]t was not pled and proved that the victim was tortured as described in section 206 or that the victim was a public safety official, any firefighter, or 'any other officer in any segment of law enforcement who is employed by the federal government, the state, or any of its political subdivisions.'"

3

offender whose sentence was explicitly designated life without parole (LWOP) that is imposed for a single offense. (*Heard*, at p. 624.) It is a "functional equivalent of life without parole . . . when a defendant receives *multiple sentences for multiple offenses*, or an offense plus one or more enhancements, that add up to a lifelong prison commitment with no realistic opportunity for release." (*Ibid.*, citing *People v. Contreras* (2018) 4 Cal.5th 349, 356–357 & *People v. Caballero* (2012) 55 Cal.4th 262, 268–269.) "[A] sentence is the functional equivalent of LWOP if it includes a 'term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy.'" (*People v. Sorto* (2024) 104 Cal.App.5th 435, 443 (*Sorto*), quoting *People v. Caballero, supra*, at p. 268.)

The *Heard* court found under a plain reading of section 1170, subdivision (d)(1) only a juvenile sentenced to an explicitly designated term of LWOP was eligible for relief. (*Heard, supra*, 83 Cal.App.5th at pp. 625–626.) However, the *Heard* court was unable to identify a rational basis for making juveniles sentenced to an explicitly designated LWOP term eligible to petition for resentencing under section 1170, subdivision (d)(1), but not juveniles sentenced to the functional equivalent of LWOP. (*Heard*, at pp. 633–634.) The court concluded that denying such a juvenile the opportunity to petition for resentencing under this provision violated the constitutional guarantee of equal protection of the laws. (*Ibid.*; accord, *Sorto, supra*, 104 Cal.App.5th at p. 440.)

The trial court found the weight of authority was in conflict with *Heard, supra*, 83 Cal.App.5th 608 and declined to follow it, relying on several cases that held excluding youthful offenders (young adults between 18 and 25) with LWOP sentences from

4

eligibility for relief under section 3051 did not deny equal protection.[4]  Among those cases, the trial court found *People v. Morales, supra*, 67 Cal.App.5th 326 persuasive because the appellate court held there was no equal protection violation for youthful offenders with LWOP sentences, not only due to their statutory exclusion from section 3051 but also section 1170, subdivision (d)(1).  Here defendant, at the time the crime was committed, was not classified as a youthful offender but as a juvenile.  Therefore as we consider our Supreme Court's 2018 finding that a 50-year-to-life sentence is the functional equivalent of LWOP coupled with the *Heard* court's 2022 equal protection analysis involving juveniles, we join the growing number of appellate courts that conclude although defendant is not eligible for recall and resentencing under the plain language of section 1170, subdivision (d)(1)(A), he is nonetheless entitled to seek recall and resentencing relief under that section in light of his right to equal protection of the laws.  (See *Heard, supra*, 83 Cal.App.5th at p. 626; *Sorto, supra*, 104 Cal.App.5th at p. 440.)

## DISPOSITION

The November 8, 2023 order denying defendant's petition is reversed.  The matter is remanded to the trial court for a hearing

---

[4]      See, e.g., *People v. Ngo* (2023) 89 Cal.App.5th 116, 123–126, review granted May 17, 2023, S279458; *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1077, review granted Apr. 12, 2023, S278803; *In re Murray* (2021) 68 Cal.App.5th 456, 463; *People v. Morales* (2021) 67 Cal.App.5th 326, 343–349; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779–781; *In re Williams* (2020) 57 Cal.App.5th 427, 434–437.

on the recall and resentencing pursuant to section 1170, subdivision (d), in view of this opinion.

 

_____

CHAVEZ, J.

We concur:

_____

ASHMANN-GERST, Acting P. J.

_____

RICHARDSON, J.